## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VASILIOS PENTSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:23-cv-128 |
| | ) | Judge Stephanie L. Haines |
| WARDEN ABBY TATE, *et al.*, | ) | Magistrate Judge Keith A. Pesto |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM ORDER

Presently before the Court is a Civil Rights action pursuant to 42 U.S.C. § 1983, filed *pro se* by Vasilios Pentsas ("Plaintiff") (ECF No. 4).  Plaintiff complains of various violations of his civil rights including violations of due process and equal protection rights under the 5th and 14th Amendments[1] and 8th Amendment violations for cruel and unusual punishment as to Warden Abby Tate, Prison Sergeant Chad Murray, and Prime Care Medical, Inc.  Prime Care was the company contracted to attend to the medical care of pretrial detainees held at the Blair County Prison, where Plaintiff was housed at the time the incident at issue took place (ECF No. 4, p. 7).

Plaintiff alleges that, against the advice of the Prison Counselor who knew that Plaintiff was receiving threats, Sergeant Murray removed Plaintiff from protective custody in the prison B-block and placed him with a family member of the victim of Plaintiff's crime in D-block (ECF No. 4, pp. 4, 9).  Within fifteen minutes of the placement in D-block, a group of inmates flooded the cell and Plaintiff was physically attacked (ECF No. 4, p. 9).  Plaintiff sustained an injury to his

---

[1] Plaintiff cites the 5th and the 14th Amendments and states he was deprived of life liberty and the due process of law when prison officials failed to protect him (ECF No. 4, p. 4-5).  But Plaintiff fails to state any cognizable cause of action against any defendant under these Amendments.  He only makes a bald assertion without any supportive facts at all.  Magistrate Judge Pesto's Report and Recommendation rightly focuses on Plaintiff's 8th Amendment claim as it is the cause of action that most logically embodies Plaintiff's factual assertions.

jaw, a severe concussion, a black eye, and a filling was knocked loose from Plaintiff's tooth (ECF No. 4, p. 10).  He claims that Warden Tate and Sergeant Murray showed a blatant disregard for his health and safety and that Prime Care Medical, Inc. failed to provide him with proper medical attention because he was only treated with ice and analgesics.  This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

Under the Prisoner Litigation Reform Act ("PLRA"), courts are required to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to state a claim on which relief may be granted.[2]  28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002).  These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint…is frivolous where it lacks an arguable basis in either law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  In determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992).  The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual

---

[2] *See* ECF No. 1, Plaintiff's Motion for Leave to Proceed in forma pauperis.  Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 4).

allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008).  In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678-79 (citations omitted).  Mere "possibilities" of misconduct are insufficient.  *Id.* at 679.  Nevertheless, because Plaintiff is proceeding *pro se,* his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

The Prison Litigation Reform Act's screening requirements for inmate plaintiffs proceeding in forma pauperis are set out in 28 U.S.C.§ 1915(e)(2):  (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -- (A) the allegation of poverty is untrue; or (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  See also 28 U.S.C.§ 1915A.

On December 13, 2023, Magistrate Judge Pesto screened Plaintiff's Complaint and filed a Report and Recommendation (ECF No. 13) recommending that the Complaint (ECF No. 4) be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C.

§ 1915(e)(2). Petitioner was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has filed no objections, and the time to do so has expired. Upon review of the record and the Report and Recommendation (ECF No. 13) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined that Plaintiff failed to state a plausible claim under the 8th Amendment of the Constitution against defendants Tate and Prime Care.

Two requirements must be met to establish a violation of the Eighth Amendment. First, the deprivation of rights must be objectively "sufficiently serious," and second, a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). "To state a viable failure-to-protect claim, the plaintiff must establish that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was deliberately indifferent to that substantial risk; and (3) the defendant's deliberate indifference caused the plaintiff to suffer harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020); *Farmer,* 511 U.S. at 834. Plaintiff did not allege any specific claims against Warden Tate pertaining to the decision to move him to D-Block and she cannot be held vicariously responsible for civil rights violations of her subordinates. *See Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-91 (1978) (municipal employers are liable for deprivation of civil rights caused by their own illegal customs and policies but are not liable for their employees'

actions).  Thus, she could not have been deliberately indifferent to a substantial risk and the claim against her fails.

As to the 8th Amendment cause of action against Prime Care Medical, Inc., for deliberate indifference to a serious medical need, Plaintiff again fails to support his claim.  Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, prison officials are required to provide basic medical treatment to inmates.  *See Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999).  To establish an Eighth Amendment claim based on inadequate medical care, Plaintiff must produce evidence to support two elements.  First, he must make an objective showing that his medical need was serious.  *See id.*  Second, he must make a subjective showing that Prime Care was deliberately indifferent to his serious medical need.  *See id.*  Plaintiff has not established either element.  His injuries of concussion, black eye, sore jaw, and lost filling were attended to with pain killers and ice to reduce swelling.  There is no information provided by Plaintiff to state that further medical care was needed or that Prime Care was indifferent to his needs.

Having found that Plaintiff's Complaint fails to state a claim upon which relief can be granted against defendants Warden Tate and Prime Medical, the Court must then determine whether further amendment should be permitted or if it would be futile.  *See Hockenberry v. SCI Cambridge Springs/Pennsylvania Dep't of Corr.,* No. 1:18-CV-00325, 2019 WL 2270345, at *3 (W.D. Pa. May 28, 2019) (stating "[t]he U.S. Court of Appeals for Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile").  The Court concludes that further amendment would be futile as to the claims against Warden Tate and Prime Medical.  Plaintiff provided a set of facts which fully set forth the occurrence that purports to establish his causes of action.  It is unlikely that these facts, with any potentially added detail,

could support his claims against Warden Tate and Prime Medical.  Thus, further amendment would be futile and will not be permitted.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 13th day of March, 2024, IT IS ORDERED that the Complaint in civil action pursuant to 42 U.S.C. § 1983 (ECF No. 4) hereby is DISMISSED with prejudice as to defendants Warden Tate and Prime Care Medical, Inc.; and

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 13) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is to terminate defendants Warden Tate and Prime Care Medical, Inc.; and

IT FURTHER IS ORDERED that the case is referred back to the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge