# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VASILIOS PENTSAS,                     )
                                      )
                  Plaintiff,          )
                                      )
        v.                            )        Civil Action No. 3:23-cv-128
                                      )        Judge Stephanie L. Haines
CHAD MURRAY,                          )        Magistrate Judge Keith A. Pesto
                                      )
                  Defendant.          )
                                      )

## MEMORANDUM ORDER

Presently before the Court is a Motion for Summary Judgment (ECF No. 31) filed by defendant Chad Murray ("Mr. Murray" or "Defendant"). Also before the Court is Vasilios Pentsas' ("Mr. Pentsas" or "Plaintiff") Cross-Motion for Summary Judgment (ECF No. 38). Plaintiff's remaining claim in this lawsuit concerns a failure to protect claim pursuant to *Farmer v. Brennan*, 511 U.S. 825, 833-44 (1994) and the Fourteenth Amendment of the United States Constitution. (ECF Nos. 4, 13, 15). In this claim, Plaintiff alleges that while he was an inmate at the Blair County Prison, corrections officer Chad Murray was deliberately indifferent to the risk of harm posed by another inmate. (*Id.*).

This matter was referred to Magistrate Judge Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge Pesto issued a Report and Recommendation recommending that Defendant's Motion for Summary Judgment (ECF No. 31) be granted and Plaintiff's Motion for Summary Judgment (ECF No. 38) be denied. (ECF No. 48). After careful review, the Court will adopt the Report and Recommendation with the following supplement.

1

### A.  Standard of Review

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2.  In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report.  28 U.S.C. § 636(b)(1).  A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b).  *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).  The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Because Plaintiff is proceeding *pro se*, his filings will be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.  Discussion

Plaintiff lodges seventeen objections to Magistrate Judge Pesto's Report and Recommendation. (ECF No. 50).  Upon review under the applicable de novo standard, the Court will accept the findings and recommendations of Magistrate Judge Pesto and overrule Plaintiff's Objections.

In his Objections, Plaintiff first contends that Judge Pesto erred in stating that the record was materially different from the allegations in his Complaint. (ECF No. 50 at 2 ¶ 1 (citing ECF No. 48 at 2 ¶ 2)).  Plaintiff argues that "the video footage" shows multiple inmates entering the cell he was moved to and argues it is unclear why Judge Pesto stated that "there is no claim about a flood of inmates[.]" (ECF No. 50 at 2 ¶ 1).  The Court sees no merit in this objection as Plaintiff never made any video footage part of the summary judgment record.  Indeed, Plaintiff does not

list a video in his Appendix to his Concise Statement of Material Facts or include a citation to such video footage in this objection. (ECF No. 41). Plaintiff writes in his opposition brief that "Defendant also claims the video footage of his involvement in moving Plaintiff has been lost." (ECF No. 47 at 1). Seemingly, this is a reference to the same video. As such, Plaintiff's objection is not supported by the record and Plaintiff cannot rely on this lost video to defeat Defendant's motion for summary judgment. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010) (citation omitted) (stating "[u]nsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment.").

Further, Plaintiff objects to Judge Pesto's statement that "Pentsas does not even identify the attacker[;]" Plaintiff argues that "clearly the attacker was already identified in discovery." (ECF No. 50 at 2 ¶ 2). While Plaintiff's attacker may have been identified in discovery, Judge Pesto's statement in context, stating that in Plaintiff's Brief in Support of his Motion for Summary Judgment Plaintiff did not identify his attacker by name, is true. (ECF No. 48 at 2 (citing ECF No. 39 at 3)). In this filing, Plaintiff referred to his attacker as a "very large inmate." (ECF No. 39 at 3).

Plaintiff also objects to Judge Pesto's statement that "Pentsas has no evidence that Murray ordered his move" and contends that Defendant could not provide the video showing if he did or did not come to Plaintiff's cell to order the move. (ECF No. 50 at 2 ¶ 3). Plaintiff further contends that he obtained testimony from the inmate who was housed right next to him, Justin Frank LeFevre, that proves Defendant ordered the move and that Defendant was lying under oath. (*Id.* (citing Doc No. 41-3)). Plaintiff posits that Defendant is the second shift sergeant and must approve all inmates moved on second shift, thus Defendant ordered his move. (ECF No. 50 at 2-3 ¶ 3).

3

In response, Defendant states that there was nothing in the prison records up until the point of the attack to indicate that Plaintiff was designated "keep-a-part" or "security risk." (ECF No. 51 at 3 (citing ECF No. 31 at 4)). Defendant also points out that Plaintiff later requested that the separation placed after the attack be dropped against the inmates who assaulted him. (ECF No. 51 at 3 (citing ECF No. 31-1 at 5)).

The Court sees no merit in this objection. As stated previously, the video that Plaintiff references was not made a part of the summary judgment record. Further, the Court will not consider the affidavit from Justin Frank LeFevre as Plaintiff did not submit this during discovery as required. (ECF No. 43 at 3); *see, e.g., Fraser v. Pa. State Sys. Of Higher Educ.*, 1993 WL 456505, at *3 (E.D. Pa. Nov. 3, 1993) (stating "[a]lthough a pro se plaintiff is entitled to some latitude, he is obligated to participate in discovery and to obey the court's orders."). Accordingly, the Court rejects Plaintiff's objection on this point.

Next, Plaintiff contends that Judge Pesto erred in stating that the system did not reflect a specific separation between him and his attacker. (ECF No. 50 at 3-4 ¶ 4). Plaintiff argues that he was housed on B-block to segregate himself from inmates who expressed that they were eager to attack him. (*Id.*). Plaintiff asserts that this could be proven by Prison Counselor Darlene Wilt. (*Id.*). The Court overrules this objection as Plaintiff has not proven that the system reflected a specific separation between him and his attacker. While Plaintiff contends that Counselor Wilt *could* attest to this, this is not enough at the summary judgment stage. *See Fort Washington Resources, Inc. v. Tannen*, 846 F. Supp. 354, 364 (E.D. Pa. Mar. 9, 1994) (citing Fed. R. Civ. P. 56(e)) (stating that plaintiff's claim that it intends to show evidence of certain damages at trial does not survive a motion for summary judgment)). Accordingly, the Court overrules Plaintiff's objection on this point.

4

Next, Plaintiff objects to Judge Pesto's statement related to his use of the grievance process and another inmate receiving the job that he wanted. (ECF No. 50 at 4 ¶ 5 (citing ECF No. 48 at 2 ¶ 3)). Plaintiff contends that Judge Pesto erred in stating that another inmate was given the job Plaintiff "wanted" as Plaintiff already had this job. (*Id.*). Plaintiff also asserts that the majority of death threats were from inmates who lived on D-block and that he alleged this under penalty of perjury. (*Id.*). While Plaintiff points to evidence in the record showing that he complained about Mr. Murray giving his job to another inmate (ECF No. 41-7) and that he verified that all his statements were true and correct in his Statement of Verification (ECF No. 45 at 14), the Court sees no merit in Plaintiff's objection as he does not take issue with the substance of the Report and Recommendation. Further, Plaintiff's contentions with the issue of his job are irrelevant to the claim at issue, which concerns a failure to protect pursuant to the Fourteenth Amendment.

Plaintiff also objects to Judge Pesto's assertion that Lefevre's statement only echoes Plaintiff's statement and seemingly contends that Judge Pesto does not need to resolve Defendant's motion to strike the statement from the record. (ECF No. 50 at 5 ¶ 6). Plaintiff argues that Federal Rule of Civil Procedure 26(a)(1)(B)(iv) forbids this evidence from being stricken from the record as pro se inmates do not have to provide evidence in discovery unless asked for it directly. (*Id.*). Plaintiff further claims that Lefevre's statement bolsters his statement and proves that Defendant is lying under oath. (*Id.*).

Plaintiff misunderstands the Federal Rules of Civil Procedure. While Plaintiff is correct that as a pro se litigant Rule 26(a)(1)(B)(iv) exempted him from initial disclosures, *see In re Jackson*, 445 Fed. Appx. 586, 588 (3d Cir. 2011), this does not exempt him from his duty to disclose this statement during discovery and participate in the discovery like any other litigant. *See Fraser*, 1993 WL 456505, at *3. Here, Plaintiff made a conscious decision to refuse to provide

5

Justin Lefevre's affidavit and his own affidavit in discovery as these were dated February 26, 2025 and April 22, 2025, respectively. (ECF No. 41-1 at 3-10). Discovery was due in this case on March 31, 2025 and Plaintiff was aware of this deadline. (ECF No. 27 (showing discovery deadline and that this Order was mailed to Plaintiff)). This favors striking it from the record. *See Freeman v. McDowell*, No. 10-1541, 2012 WL 3240848, at *4 (D.N.J. Jan. 24, 2012), *report and recommendation adopted*, 2012 WL 3238841 (D.N.J. Aug. 7, 2012). Thus, the Court sees no merit in Plaintiff's objection.

Next, Plaintiff objects to Defendant's denial of any knowledge of danger to Plaintiff in his affidavit. (ECF No. 50 at 5 ¶ 7 (citing ECF No. 48 at 3 ¶ 4)). Plaintiff contends that this statement has been proven false by a sworn witness, seemingly referring to his own sworn statement and its reference to counselor Wilt's beliefs that he was in danger. (*Id.*). He asks that discovery be reopened so that he may subpoena counselor Wilt's testimony. (*Id.*). The Court will reject this request. First, the Court notes that Plaintiff has not filed a motion to reopen discovery. Second, absent a showing by Plaintiff that denial of the request to reopen discovery would deprive him of crucial evidence or would result in fundamental unfairness, the Court has broad discretion in deciding whether to permit additional discovery. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Here, the record does not reveal that there was anything impeding Plaintiff's ability to pursue and obtain discovery. Plaintiff's sole motion during the discovery process was a motion to assess service fees on Defendant. (ECF No. 28). Further, discovery closed nearly one year ago. (ECF No. 27). Plaintiff only asks the Court to reopen discovery because he realizes the summary judgment record is deficient. The Court denies this request and overrules Plaintiff's objection on this point.

Further, Plaintiff objects to the Report and Recommendation again on the grounds that

Defendant was made aware of the threats by prison staff. (ECF No. 50 at 6 ¶ 8). He contends that this is why he was housed on B-block. (*Id.*). As aforementioned, the summary judgment record does not show that Defendant was aware of any of the supposed threats made on Plaintiff's life. While Plaintiff points to his self-serving affidavit in support of Defendant's knowledge of his danger, Plaintiff cannot defeat a properly supported motion for summary judgment by relying on vague, self-serving statements which are unsupported by specific facts in the record. *See* Fed. Rule Civ. P. 56(c); *Stauffer v. William Penn School District*, 829 F. Supp. 742, 748-49 (E.D. Pa. 1993) (citing *Childers v. Joseph*, 842 F.2d 689, 694-95 (3d Cir. 1988) (noting that in order to defeat a properly supported motion for summary judgment, the plaintiff cannot restate allegations from his complaint or rely on self-serving conclusions unsupported by specific facts in the record). Thus, the Court overrules Plaintiff's objection on this point.

Next, Plaintiff objects to Judge Pesto's statement that "there is nothing in the record that Feagin [Plaintiff's attacker] was related to Pentsas's victim or that the attack resulted from a desire for revenge." (ECF No. 50 at 6 ¶ 9 (citing ECF No. 48 at 4 ¶ 1)). Plaintiff contends that "Pentsas 0034" shows that Elbert Feagin stated that Pentsas "killed [Feagin's] best friend[']s brother and [Feagin] needed to take a stand." (*Id.*). Plaintiff claims that this document was disclosed in discovery and attaches it to his Objections. (ECF No. 50-2). While Plaintiff points to "Pentsas 0034," he did not make this document part of the summary judgment record as he did not include it as part of his concise statement of material facts, appendix, or briefs. *See Wicker v. Consolidated Rail Corp.*, No. 96-80J, 2005 WL 8179757, at *7 (W.D. Pa. Dec. 27, 2005). Plaintiff cannot now rely on this document by only attaching it to his Objections. Further, even if this document was part of the record, it does not show that the attacker was a relative of Pentsas's victim, only that Feagin had a friendship with a relative of the victim. Accordingly, the Court sees no merit in this

7

objection.

Next, Plaintiff objects to Judge Pesto's statement that he provided no evidence that any such person was an inmate on D-Block or that Feagin, the inmate who attacked him, did so for any reason connected to Pentsas's crime. (ECF No. 50 at 6-7 ¶ 10 (citing ECF No. 48 at 4 ¶ 2)). Plaintiff contends that he submitted a sworn statement that Darlene Wilt believed Pentsas was in danger and had been previously forbidden to move cell blocks. (*Id.*). Plaintiff contends this is competent evidence as it is a statement sworn under penalty of perjury. (*Id.*). He requests that, if this is not competent evidence, that discovery be re-opened so that he can subpoena Darlene Wilt. (*Id.*). Plaintiff cannot rely on this hearsay evidence and self-serving testimony on a motion for summary judgment. *See Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *Smith v. City of Allentown*, 589 F.3d 684, 693-94 (3d Cir. 2009). Further, the Court denies Plaintiff's request to reopen discovery for the reasons stated above.

Plaintiff also objects to Judge Pesto's statement that the allegations of "flood of inmates" and "that was for Ozio" were dropped. (ECF No. 50 at 7-8 ¶ 12 (citing ECF No. 48 at 5 ¶ 1)). Plaintiff contends that these allegations were never intended to be dropped and that the video footage of the attack proves that inmates flooded his cell and the document "Pentsas 0034" proves "that was for Ozio." (*Id.*). For reasons explained above, relating to Pentsas 0034 and the video footage not being part of the summary judgment record, the Court overrules Plaintiff's objections on these points.

Plaintiff next objects to Judge Pesto's statement that "Pentsas's claim, not based on any competent evidence, that a counselor named Darlene Wilt believed Pentsas's claims of a risk to [himself]" is untrue as Plaintiff never claimed he was being threatened and did not know of these threats until the jail staff told him and forbade him from moving off of B-block. (ECF No. 50 at

8

8 ¶ 13). Plaintiff claims that Defendant was told to verify the threats posed to Plaintiff from individuals on D and E-block, but Defendant chose not to. (*Id.*). He again contends that Defendant was aware of the risk to him and chose to be "deliberately indifferent," as proven by Lefevre's sworn testimony. (*Id.*). For reasons explained above, the Court sees no merit in this objection.

Additionally, Plaintiff objects to Judge Pesto's statement that Plaintiff was in danger from an unnamed "them." (ECF No. 50 at 9-10 ¶ 15 (citing ECF No. 48 at 5-6)). Plaintiff contends that the evidence he presented shows that Defendant lied about being unaware that Plaintiff was threatened by individuals in B-block. (*Id.*). The Court disagrees. The summary judgment record does not show that Defendant was aware of any of the supposed threats made on Plaintiff's life for the reasons explained above.

Plaintiff further argues that Judge Pesto erred in stating that there was an "absence of any evidence that Feagin's attack was related to the danger of revenge" as "Pentsas 0034" shows that Feagin told prison staff that Plaintiff killed Feagin's best friend's brother. (ECF No. 50 at 10 ¶ 16) (citing ECF No. 48 at 6 ¶ 2)). For reasons explained above, the Court overrules Plaintiff's objection on this issue.

Lastly, Plaintiff objects to Judge Pesto's statement that "holding Murray liable would be equally insupportable because his hypothetical deliberate indifference could not be shown to be the cause of Pentsas's injury." (ECF No. 50 at 10-11 ¶ 17 (citing ECF No. 48 at 6 ¶ 2)). Plaintiff repeats that the prison staff knew he was not to be housed in B-block due to threats on his life. (*Id.*). For aforementioned reasons, the Court overrules Plaintiff's objection.

For the reasons explained above, the Court will accept the findings and recommendations of Magistrate Judge Pesto and overrule Plaintiff's Objections. Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 38) is denied and Defendant's Motion for Summary Judgment (ECF

9

No. 31) is granted.

## C.  Conclusion

Based on the foregoing, the Court will overrule Plaintiff's Objections (ECF No. 50) and adopt Judge Pesto's Report and Recommendation (ECF No. 48).  An appropriate Order follows.

## ORDER

AND NOW, this 24ᵗʰ day of March, 2026, IT IS ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 38) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 31) is GRANTED; and,

IT IS FURTHER ORDERED that Plaintiff's Objections to Judge Pesto's Report and Recommendation (ECF No. 50) are OVERRULED;

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 48) is adopted as the Opinion of the Court, as supplemented herein; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Vasilios Pentsas QP-1583
S.C.I. Fayette
50 Overlook Drive
LaBelle, PA 15450
Pro Se

10